## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                               Superior Court Dept.
                                                           C.A. No.: 22-0498

JEFFREY LEWIS,                       )
    Plaintiff,                       )
                                     )
                                     )    SUFFOLK SUPERIOR COURT
v.                                   )    CIVIL CLERK'S OFFICE
                                     )         FILED
                                     )
JETBLUE AIRWAYS CORP. and            )       MAR 07 2022
HUDSON COUNTY NEWS COMPANY,          )
    Defendants.                      )    MICHAEL JOSEPH DONOVAN
                                     )         CLERK OF COURT
                                     )

### COMPLAINT AND JURY DEMAND

#### Introduction

1. Jeffrey Lewis brings this complaint against JetBlue Airways Corp. and Hudson County News Company ("Defendants") due to their malicious or negligent and false allegation of theft and the threat of arrest after he had boarded for a flight from Boston to Fort Myers on June 13, 2021. Mr. Lewis alleges that the Defendants' acts defamed and injured him before the public on board the plane. The Defendants' removed him from the plane and made statements that he had stolen property from Hudson County News airport store. The statements were defamatory and inflicted emotional distress on him for which he was obligated to seek medical attention and expense.

#### Parties

2. Jeffrey Lewis is an individual residing in Fort Myers, Florida.

1

3. The Defendant JetBlue Airways Corp. is a Delaware corporation with a principal place of business in New York, and operates throughout the United States, including Logan Airport in Boston, Suffolk County, Massachusetts.

4. The Defendant Hudson County News Company is a New Jersey corporation with a principal place of business in New Jersey, and has retail stores, predominantly in airports, all over the United States including, Logan Airport in Boston, Suffolk County, Massachusetts.

## Factual Allegations

5. At around 2:30 p.m. on June 13, 2021, Mr. Lewis was at Logan International Airport in Boston where he was scheduled and ticketed for flight number 1865 leaving Boston with a Fort Myers destination.

6. As Mr. Lewis purchased two sweat shirts that were indicated to be on sale at the Hudson County News Company's store in the terminal.

7. Mr. Lewis asked the clerk if he could have the hangers they were hanging on because he was carrying a suit bag and wanted to put them in the suit bag.

8. The clerk apologized that she couldn't give him the hangers and put them in a shopping bag for him.

9. As he was leaving to resume his travels to the gate, the young woman yelled out to him and presented him with the hangers to make his travels easier.

10. Mr. Lewis then put the sweatshirts, with hangers into the bag and went to the gate.

11. Upon reaching the Gate, he presented the suit bag to the attendant who stored it for him and he proceeded down the aisle.

12. As he went down the aisle he was recognized and was asked for his autograph, which he gave.

13. He reached his seat and waited for takeoff. Just prior to the time for takeoff, he was approached by a JetBlue employee who stated, so all could hear, that he was being accused of shoplifting and that he had to leave the plane immediately or that he would be arrested.

14. Mr. Lewis said there must be some mistake, but the employee was insistent that Mr. Lewis leave the plane and he was threatened with arrest.

15. By the Gate, he was informed that Hudson County News claimed he had stolen two sweatshirts.

16. He informed the JetBlue employee and the Hudson County News supervisor or security person who was waiting for him outside of the plane back by the Gate, that he had paid for the sweatshirts.

17. They asked for the receipt which he had discarded or never taken.

18. He suggested they confer with the store clerk about the sweatshirts, which after some time, they must have done.

19. Mr. Lewis was quietly escorted back onto the plane.

20. Mortified, Mr. Lewis sat quietly, humiliated in front of all those people, some of whom knew who he was.

21. The public remarks by the JetBlue employee and the statement and representation that he shoplifted was false and demonstrates a reckless disregard for the truth in the broadcast.

22. As a result of the shoplifting broadcast, Mr. Lewis has suffered severe damage to his reputation for having committed a crime. He has had to suffer public ridicule and has suffered emotional distress as a result of this incident.

## Count I
### (Defendants' Defamation.)

23. The Mr. Lewis restates and re-alleges the contents of paragraphs 1-22 as if set forth fully herein.

24. Defendants' made malicious and/or negligent statements regarding Mr. Lewis.

25. The Defendants' statements were defamatory per se and exhibited malicious, reckless, and/or negligent disregard for the truth.

26. As a direct and proximate result of the Defendants' acts, Mr. Lewis has sustained damages, including:

   1) damage to reputation and good name; and

   2) emotional pain and suffering.

## Count II
### (Defendants' Intentional Infliction of Emotional Distress)

27. Mr. Lewis restates and re-alleges the contents of paragraphs 1-26 as if set forth fully herein.

28. The Defendants' acts as described herein were extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

29. As a direct and proximate result of the Defendants' acts, Mr. Lewis has sustained damages.

## Count III
### (Defendants' Negligent Infliction of Emotional Distress)

30. Mr. Lewis restates and re-alleges the contents of paragraphs 1-29 as if set forth fully herein.

31. The Defendants' acts as described herein were negligent and caused Mr. Lewis great pain of body and mind.

32. As a direct and proximate result of the Defendants' acts, Mr. Lewis has sustained damages.

WHEREFORE, Mr. Lewis demands judgment against the Defendants, jointly and severally, in an amount deemed just and proper together with interest and costs, and any other relief deemed meet and just by the Court.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

JEFFREY LEWIS
By his attorneys,

*/s/ John E. Sutherland*

John E. Sutherland, BBO# 488960
BRICKLEY / SEARS, P.A.
75 Federal Street, Suite 1320
Boston, MA 02110
(617) 542-0896
jes@brickleysears.com

F:\APPL\CLIENTS\LEWIS,Jeffrey#5956\complaint-1.wpd

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | JEFFREY LEWIS | Defendant: | JETBLUE AIRWAYS CORP. |
|---|---|---|---|
| ADDRESS: | | ADDRESS: | 1 Harborside Drive, East Boston, MA 02128 |
| | | | HUDSON COUNTY NEWS COMPANY |
| | | | 1 Meadowlands Plaza, Suite 902, East Rutherford, N.J. 07073 |
| Plaintiff Attorney: | | Defendant Attorney: | |
| ADDRESS: | | ADDRESS: | |
| BBO: | | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B15 | Defamation | A | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☐ NO

Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below) ........................................... $950.00
    Mental Health Treatment Expenses

  SUFFOLK SUPERIOR COURT
  CIVIL CLERK'S OFFICE
  FILED
  MAR 07 2022
  MICHAEL JOSEPH DONOVAN
  CLERK OF COURT

  Subtotal (1-5): $950.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $950.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Damage to reputation and good name and emotional pain and suffering.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X    Date: March 2, 2022

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:03-02-2022 10:48:16

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2284CV00498 | Trial Court of Massachusetts The Superior Court | |
|---|---|---|---|
| CASE NAME: Jeffrey Lewis vs. JetBlue Airways Corp et al | | Michael Joseph Donovan, Clerk of Court | |
| TO: John E Sutherland, Esq. Brickley / Sears, P.A. 75 Federal St Suite 1320 Boston, MA 02110 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 | |

**TRACKING ORDER - A - Average**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**

**DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/06/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 07/05/2022 | |
| All motions under MRCP 12, 19, and 20 | 07/05/2022 | 08/04/2022 | 09/06/2022 |
| All motions under MRCP 15 | 05/01/2023 | 05/31/2023 | 05/31/2023 |
| All discovery requests and depositions served and non-expert depositions completed | 02/26/2024 | | |
| All motions under MRCP 56 | 03/26/2024 | 04/25/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/23/2024 |
| Case shall be resolved and judgment shall issue by | | | 03/06/2025 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 03/07/2022 | Margaret M Buckley | (617)788-8110 |